UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL NO. 5:23-CR-09-KKC

UNITED STATES OF AMERICA                                                             PLAINTIFF

V.     **MOTION FOR PRELIMINARY JUDGMENT OF FORFEITURE
       FOR FORFEITURE MONEY JUDGMENT**

JOSE ALZADON, M.D. and
MICHAEL BREGENZER                                                                  DEFENDANTS

\* \* \* \* \*

The United States hereby moves for entry of forfeiture money judgments against Defendant José Alzadon, in the amount of $155,522.00 and against Defendant Michael Bregenzer in the amount of $325,152.44, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2(b)(1)(A). In support of this Motion, the United States submits as follows:

The Superseding Indictment [R. 87] charged Defendants with one count of conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349, ten counts of healthcare fraud in violation of 18 U.S.C. § 1347,[1] two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, and one count of conspiracy to unlawfully distribute a controlled substance in violation of 21 U.S.C. § 846. The Superseding Indictment also included a forfeiture allegation seeking forfeiture of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the violations, pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(a)(1), and any property used or intended to be used in any manner or part to commit or facilitate the commission of the controlled substance violation, pursuant to 21 U.S.C. § 853(a)(2).

---

[1] Before trial, the Government dismissed two healthcare fraud counts: Counts 2 and 3. *See* R. 185.

On March 20, 2025, Alzadon and Bregenzer were convicted of: conspiracy to commit healthcare fraud (Count 1); all eight counts of healthcare fraud (Counts 4-11); and conspiracy to unlawfully distribute a controlled substance (Count 14). Alzadon was also convicted of two counts of aggravated identity theft (Counts 12-13). *See* R. 226.

Under the federal forfeiture laws, any person convicted of a "Federal health care offense" shall be ordered "to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7). A "Federal health care offense" includes healthcare fraud in violation of 18 U.S.C. § 1347. 18 U.S.C. § 24. In addition, any person convicted of a controlled substance violation, including a violation of 21 U.S.C. § 846, shall be ordered to forfeit "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a).

Property subject to criminal forfeiture may include real property, and tangible or intangible personal property, whether or not the property has been seized by the United States. Thus, the United States is entitled to a money judgment against Defendants for an amount equal to the value of the property that constitutes or is derived from proceeds the defendant obtained directly or indirectly as the result of the violations. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."); *United States v. Hampton*, 732 F.3d 687, 690-92 (6th Cir. 2013).

The United States seeks a forfeiture money judgment in the amount of $155,520.00 against Alzadon and in the amount of $325,152.44 against Bregenzer, which represents the proceeds

obtained as a result of violations for which they were convicted. The Court must determine whether the United States has proven by a preponderance of the evidence that the amounts sought are the amounts obtained by each of the Defendants. *See, e.g.*, Fed. R. Crim. P. 32.2(b)(4) advisory committee notes (2000) (noting that in the forfeiture phase of the criminal proceeding, the government "must establish the forfeitability of property by a preponderance of the evidence"). As noted above, Rule 32.2 (b)(1)(A) states that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant be ordered to pay." The Court may base its forfeiture decision on evidence already of record, or the parties may request a hearing to present additional evidence. Fed. R. Crim. P. 32.2 (b)(1)(B).

The following testimony and exhibits introduced at trial support entry of a forfeiture money judgment of $155,520.00 against Alzadon:[2]

- GX 217; R. 252 at 2774:16—2774:23 (establishing that Alzadon was paid approximately $30 per patient visit, and received over $300,000 per year in salary).

- GX 620 and GX 621: Medicare and Medicaid claims data establishing that Alzadon falsely billed 5,184 level 4 visits during the conspiracy period. Thus, at a minimum, the $30 that Alzadon would have received for each of those 5,184 patient encounters (i.e., $155,520) is subject to forfeiture.

The following testimony and exhibits introduced at trial support entry of a forfeiture money judgment of $325,152.44 against Bregenzer:

- GX 77a, which established that KAC was paid $275,122.65 for office visits coded as 99214 visits and $166,962.92 for smoking cessation services purportedly provided by Alzadon and his father, Dr. Ricardo Alzadon ("Dr. Ricardo"), during the course of the conspiracy.

- GX 77a also established that KAC was paid $1,054,551.35 for office visits coded as 99213 visits purportedly provided by Alzadon and Dr. Ricardo during the course of the conspiracy. As with the government's loss and restitution calculations, however, the government proposes that only the amount paid for visits purportedly provided by Dr. Ricardo during the course of the conspiracy be used in calculating Mr. Bregenzer's

---

[2] The government noticed forfeiture of any licenses issued by the DEA to Alzadon in the Superseding Indictment, but is no longer seeking their forfeiture as Alzadon no longer has any active licenses.

forfeiture. That is, $370,795.52 for 99213 visits purportedly provided by Dr. Ricardo. *See* GX 82a, a summary exhibit derived from GX 620, and 621 prepared for trial as a demonstrative exhibit and transmitted to defense counsel on March 11, 2025, attached as Exhibit A to this motion.

- R. 252 at 2539:18-2540:4 (establishing that Bregenzer owned 40 percent of KAC and made more than $400,000 annually from KAC during the period of the conspiracy).

- KAC was therefore paid a total of $812,881.09 for (1) smoking cessation services purportedly provided by both Drs. Alzadon during the course of the scheme, (2) 99214 office visits purportedly provided by both Drs. Alzadon, and (3) 99213 visits provided by Dr. Ricardo during the course of the scheme. Bregenzer owned 40 percent of KAC, and therefore should be required to forfeit **$325,152.44** ($812,881.09 x .4).

Alzadon does not oppose the government's motion for forfeiture; Bregenzer did not provide his position when requested.

WHEREFORE, the United States respectfully requests a forfeiture money judgment against Alzadon, in the amount of $155,520.00 and against Bregenzer in the amount of $325,152.44.

    Respectfully submitted,

    PAUL MCCAFFREY
    FIRST ASSISTANT U.S. ATTORNEY

    LORINDA I. LARYEA
    CHIEF, FRAUD SECTION

By:   *s/ Sarah E. Edwards*
    Dermot Lynch
    Sarah Edwards
    Abdus Samad Pardesi
    Trial Attorneys
    U.S. Department of Justice
    Criminal Division, Fraud Section

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will notify all counsel of record.

/s/ *Sarah E. Edwards*
Trial Attorney